It is not a good tender. When a specific article is to be delivered and no place appointed, the debtor must give notice of his readiness to pay on the day, and request the creditor to appoint a place where he will receive it; and on the day he must attend at the place appointed until sunset, to make the delivery, unless the creditor refuses or accepts before. Here no such request was made, nor was there any appointment of place; and the creditor could not know that he was ready to make the delivery at his own house; and, besides, had that been the place appointed, it does not appear that he attended till sunset, and that the creditor did not come.
The jury found against the plea, and the plaintiff had judgment.
NOTE 1 BY REPORTER. — In this case, Jones, Solicitor-General, alleged there had been many decisions in the lower courts establishing it as incumbent upon the creditor on the day appointed by the contract, where no place was mentioned, to demand the article at the house of the debtor; otherwise, he should not be allowed to support his action — the consequence of which is that the debtor need not request a place to be appointed, but a being ready at his own house would be sufficient. WILLIAMS, J., said there had been *Page 282 
such decisions founded upon proof that such was the general course of that species of trade that the contract concerned, and that the general practice of the country was such with respect to contracts of that nature; but that the general rule of law was as laid down at supra.
NOTE 2 BY REPORTER. — Mr. Jones is supported in what he said byArmstead v. Abbalson, 1 N.C. 29, decided at Edenton, 1791. There the plaintiff declared on a covenant to deliver tar and other articles to a certain amount; the defendant pleaded always ready, and the plaintiff was nonsuited for not proving a demand and refusal or neglect in the defendant. This decision may have been founded on such evidence as WILLIAMS, J., spoke of. If it was not, it seems to be directly against the rule laid down in Co. Litt., 210, b, and which is recognized as the true one in many other books.
See Thompson v. Gaylord, 3 N.C. 150.